CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 0 1 2006
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No. 5:05CR00031 |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| JAMES CORNELIUS GRAHAM, | By: Hon. Glen E. Conrad |
| | United States District Judge |
| Defendant. | |

The defendant, James Graham, has filed a motion to dismiss due to a violation of his speedy trial rights. For the reasons stated below, the motion will be denied.

## Factual and Procedural Background

On January 20, 2005, in the Casper Division of the United States District Court for the District of Wyoming, Graham was indicted for violations of 18 U.S.C. § 846 and 841(a)(1) and (b)(1)(B). Graham subsequently entered into a plea agreement with the government. On June 30, 2005, he consented to transfer the case to the United States District Court for the Western District of Virginia, pursuant to Rule 20 of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 20. He appeared before Magistrate Judge B. Waugh Crigler for his initial appearance in the Western District of Virginia on November 4, 2005.

## Discussion

Graham asserts that his "trial has not commenced pursuant Va. law" and, therefore, he has been denied his speedy trial rights. As outlined above, Graham consented to have this case transferred under Rule 20 for purposes of entry of a plea of guilty and sentencing. Rule 20(a) allows a case to be transferred from the district where the indictment is pending to the district where the defendant is held if the defendant

> states in writing a wish to plead guilty ... and to waive trial in the district where the indictment ... is pending, consents in writing to the court's disposing of the case in the transferee district, and files the statement in the transferee district; and ... the United States attorneys in both districts approve the transfer in writing.

Fed. R. Crim. P. 20(a). Graham's written consent to transfer this case meets the requirements of Rule 20. He has therefore waived his right to a trial on these charges in the Western District of Virginia, and thus the Speedy Trial Act does not apply to him. See Levine v. United States, 182 F.2d 556 (8th Cir. 1950). The conclusion that his consent to transfer removes his case from the requirements of the Speedy Trial Act is mandated by subsection (c) of Rule 20, which provides that "[i]f the defendant pleads not guilty after the case has been transferred under Rule 20(a), the clerk must return the papers to the court where the prosecution began, and that court must restore the proceeding to its docket." Fed. R. Crim. P. 20(c). When a defendant agrees to transfer his case for a plea and sentence he is not entitled to a trial in the transferee district, and thus there is no need for a speedy trial.

## Conclusion

The defendant voluntarily agreed to transfer this case to the Western District of Virginia for purposes of entering a guilty plea and sentencing only. The defendant's motion to dismiss due to a violation of his speedy trial rights will therefore be denied because he is not entitled to a trial on these charges in this district. If he wishes to plead not guilty, the case will be returned to the District of Wyoming for trial.

DATED this 28th day of February, 2006.

_____
United States District Judge